IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM G. SAMESHIMA, | CIVIL NO. 15-00422 DKW-BMK |
| Plaintiff, | **ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS** |
| vs. | |
| UNITED STATES OF AMERICA, TREASURE DEPARTMENT, *et al*., | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT AND
DENYING AS MOOT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**

**INTRODUCTION**

On October 15, 2015, Plaintiff William G. Sameshima, proceeding pro se, filed a Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application").   Sameshima appears to seek monetary compensation from the United States government and the Commissioner of Major League Baseball for his participation "in a baseball movie filmed [in] 1970."   Complaint at 1.   On October 16, 2015, Sameshima filed a document entitled, "Request for Counseling Before a District Attorney or Judge Barry M Kurren," which the Court construes as a

request for the appointment of counsel.   Because Sameshima does not state a claim

against any party, the Court DISMISSES the Complaint for failure to comply with

Federal Rules of Civil Procedure 8 and 12(b)(6), DENIES the Application as moot,

and DENIES his request for appointment of counsel.   Sameshima is GRANTED

leave to file an amended complaint as explained more fully below.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every *in forma pauperis*

proceeding to mandatory screening and orders the dismissal of the case if it is

"frivolous or malicious," "fails to state a claim on which relief may be granted," or

"seeks monetary relief against a defendant who is immune from such relief."   28

U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (2000) (stating that

28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss

an *in forma pauperis* complaint that fails to state a claim).

Sameshima is proceeding pro se, and, therefore, the Court liberally construes

his pleadings.   *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The

Supreme Court has instructed the federal courts to liberally construe the 'inartful

pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam)).   The Court also recognizes that "[u]nless it is absolutely clear

that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the

2

complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).   Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.   *Iqbal*, 556 U.S. at 679.

Rule 8 mandates that a complaint include a "short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).   "[E]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).   A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).   A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed.   *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

## DISCUSSION

### I.   The Complaint Is Dismissed, and the Application Is Denied as Moot

Upon review of the Complaint and Application, the Court finds that

Sameshima fails to state a claim upon which relief may be granted.   Although

difficult to decipher, it appears that Sameshima seeks "to receive some funding from

[the] United States and [the] Major League Baseball Commissioner."   Complaint at

1.   The Complaint alleges as follows:

> I was in a baseball movie filmed [in] 1970.   Move Title Allstar
> All American Team USA, All-Star All Pro and Little League
> Baseball Allstar.   Location Camp Zama U.S. Army Japan 1970.
>
> This movie soon opened at theaters on military base then later
> towns and cities USA.   About 1976-1982 VHS tapes and disk
> sales by Hollywood production made outstanding sales lots.
> Heavenly title made by Hollywood video film makers.   Freeze
> & squeeze became a star with other stars roll.   I made some
> records ended my signed baseball with other at the Hall of Fame.
>
> Today credit still is sorta frozen in U.S. Treasure.   I once
> register I thought 1974 hand print approve by seal and signing by
> Washington or credit approve my Major League Baseball
> Commissioner.   Also did talk to Presidents like Agnew, Ford,
> Governor Reagan too.   I did register at Hawaii Federal, sorta
> forgot to[o] long ago.
>
> I need help today can only call if approved or visit.   Need
> $500,000

Complaint at 1-2.

5

The Complaint does not affirmatively state the basis for the Court's subject matter jurisdiction.   "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."   *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).   At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action.   *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two ways.   First, he may assert "federal question jurisdiction," based on allegations that a defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").   The United States Supreme Court has recognized that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States."   *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Second, a plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States."   28 U.S.C.

§ 1332(a)(1).   In order to establish diversity jurisdiction, a plaintiff must establish

complete diversity of the parties.   *See Morris v. Princess Cruises, Inc.,* 236 F.3d

1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity

of citizenship; each of the plaintiffs must be a citizen of a different state than each of

the defendants").   Sameshima has the burden of establishing this Court's subject

matter jurisdiction.   *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996)

("A party invoking the federal court's jurisdiction has the burden of proving the

actual existence of subject matter jurisdiction.").   Here, the Complaint is void of

*any* jurisdictional allegations, leaving the Court without so much as a hint as to the

basis of its power or authority to preside over this action.

Moreover, the Complaint fails to state a claim.   First, the claims against the

United States of America "Treasure Department" are barred by the doctrine of

sovereign immunity.   Any lawsuit against an agency of the United States or against

an officer of the United States in his or her official capacity is considered an action

against the United States.   *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir.

2001).   The United States, as a sovereign, is immune from suit unless it has waived

its immunity.   Because there is no evidence that the United States has done so here,

the Court lacks subject matter jurisdiction over the claim.   *Dep't of Army v. Blue*

7

*Fox, Inc.*, 525 U.S. 255, 260 (1999); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998).

Second, Sameshima's claims against Major League Baseball and/or its Commissioner are nearly incomprehensible.   He does not identify in any coherent or organized manner the separate causes of action that he asserts, and provides sparse factual allegations to support his conclusion that he is entitled to monetary relief.   Rather, the Complaint is largely comprised of incomplete sentences and numerous unrelated and unsubstantiated conclusions.   Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any claim is based, other than Sameshima's vague grievances relating to his purported participation in a "baseball movie filmed [in] 1970," possibly at "Camp Zama U.S. Army Japan 1970."   Complaint at 1.

To the extent Sameshima seeks compensation for the use of his likeness, persona, and/or voice under either state or federal law, he fails to allege facts satisfying the basic elements necessary to support any relevant claim.   Whether alleging state law claims sounding in contract or tort, or under federal copyright law, Sameshima fails to allege the basic facts necessary to provide defendants with fair notice of the wrongs they have allegedly committed.   To be clear, even affording his pleadings the most liberal construction, Sameshima does not allege "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."
*Iqbal*, 556 U.S. at 678.   Accordingly, the Complaint is DISMISSED for failure to state a claim.

As a result of the Court's dismissal of the Complaint for failure to state a claim, Sameshima's Application to Proceed In District Court Without Prepaying Fees or Costs is DENIED as moot.

## II.   <u>The Request for Appointment of Counsel is Denied</u>

Sameshima's October 16, 2015 letter to the Court states: "What I need is power of attorney even power magistrate.   I need cross claim on quick settlement even without court scheduling conference. . . .   Help I soon need it even today." The Court construes this request as a motion for appointment of counsel.

The Court, in its discretion, "may appoint counsel . . . only under 'exceptional circumstances.'"   *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).   "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."   *Terrell*, 935 F.2d at 1017 (citation omitted).   Neither factor is dispositive and both must be viewed together before reaching a decision on a request for counsel.   *Id.*   In most cases, however, the

Court cannot expend public resources to provide plaintiffs with counsel.  *See*

*McCue v. Food Pantry, Ltd*., 2008 WL 852018, at *3 (D. Haw. Mar. 28, 2008).

The present action does not support the appointment of counsel.   As noted

above, the Complaint is nearly incomprehensible and the Court cannot make a

reasoned determination of whether well-pleaded claims are likely to succeed on the

merits.   The current Complaint not only fails to state a claim, but fails to establish a

jurisdictional basis on which this Court may proceed.   At this preliminary stage, the

Court is not able to adequately evaluate the ability of Sameshima to articulate his

claims pro se, beyond his apparent ability to read, write and access the courts, and

the complexity of the legal issues involved does not appear overwhelming.

Moreover, there is no presumptive right to appointed counsel in civil proceedings

that do not threaten a litigant with loss of physical liberty, and no such threat is

presented in this case.   *Lassiter v. Dep't. of Soc. Servs*., 452 U.S. 18, 26-27 (1981).

Accordingly, because "exceptional circumstances" do not exist here, Sameshima's

request for the appointment of counsel is DENIED.

**III.   <u>Leave to Amend Is Granted</u>**

The Court is mindful that "[u]nless it is absolutely clear that no amendment

can cure the defect . . . a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v.*

10

*Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).   Because amendment *may* be possible, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **November 16, 2015**.   This Order limits Sameshima to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.

If Sameshima chooses to file an amended complaint, he is CAUTIONED that he must clearly identify the basis for this Court's subject matter jurisdiction. Sameshima should also clearly allege the following: (1) the constitutional or statutory right Sameshima believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do, and when; (4) how the action or inaction of that defendant is connected to the violation of Sameshima's rights; and (5) what specific injury Sameshima suffered because of that defendant's conduct.   *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Sameshima must repeat this process for each person or entity named as a defendant. If Sameshima fails to affirmatively link the conduct of each named defendant with the specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Sameshima is CAUTIONED that if he elects to file an amended complaint, he must pay the statutory filing fee or submit a fully executed application to proceed without prepayment of fees or costs.

## CONCLUSION

Based upon the foregoing, Sameshima's Complaint is DISMISSED with leave to amend, the Application is DENIED as moot, and the request for appointment of counsel is DENIED.   Sameshima is granted leave to file an amended complaint by no later than **November 16, 2015**.   The Court cautions Sameshima that the failure to file an amended complaint, along with the required filing fee or a fully executed application to proceed without prepayment of fees by **November 16, 2015**, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:   October 23, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

_William Sameshima v. United States of America, Treasure Department, et al.;_
Civil No. 15-00422 DKW-BMK; **ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**

12