IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM G. SAMESHIMA,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br>TREASURE DEPARTMENT, *et al.,*<br><br>          Defendants. | CIVIL No. 15-00422 DKW-BMK<br><br>**ORDER DISMISSING CASE AND<br>ORDERING RETURN OF FILING<br>FEE** |

**<u>ORDER DISMISSING CASE AND ORDERING RETURN OF FILING FEE</u>**

**<u>INTRODUCTION</u>**

On October 15, 2015, Plaintiff William G. Sameshima, proceeding pro se,

filed a complaint and Application to Proceed in District Court Without Prepaying

Fees or Costs ("application").   On October 23, 2015, the Court dismissed

Sameshima's complaint and denied as moot his application.   Dkt. No. 8.   In its

October 23, 2015 Order, the Court granted Sameshima leave to file an amended

complaint by November 16, 2015, and cautioned him that failure to file an amended

complaint by the deadline, would result in the dismissal of this action.   Despite an

extension and repeated warnings from the Court, Sameshima has not filed an

amended complaint.   Because he failed to comply with the Court's orders, this action is dismissed without prejudice, and the Clerk's Office is directed to refund the filing fee paid by Sameshima on November 2, 2015.

## BACKGROUND

The Court's October 23, 2015 Order explained the deficiencies in the original complaint and provided guidance on the filing of an amended complaint.   Dkt. No. 8 at 10-12.   On November 2, 2015, Sameshima paid the statutory filing fee, but did not file an amended complaint.   Dkt. No. 9.   On November 17, 2015, after the Court's deadline to file an amended complaint had passed without compliance by Sameshima, the Court *sua sponte* granted Plaintiff an extension until December 2, 2015 to file his amended complaint, and again cautioned that the failure to file an amended complaint by the new deadline would result in the automatic dismissal of this action without further notice.   Dkt. No. 10.   The Court explained to Sameshima that his original complaint had been dismissed, and that no complaint is currently before the Court.   *Id.*

On November 25, 2015, Sameshima filed a document, which the Court liberally construed as a Motion for Reconsideration of the Court's previous rulings. Dkt. No. 11.   The Court denied the Motion on November 30, 2015, once more admonishing Sameshima as follows:

> The Court again CAUTIONS Sameshima that the failure to file
> an amended complaint by **December 2, 2015** in conformance
> with the Court's prior guidance will result in the automatic
> dismissal of this action without further notice.

Dkt. No. 11.   Sameshima, however, has yet to file an amended complaint, as

specifically directed by the Court's previous orders.

## DISCUSSION

Sameshima is proceeding pro se, and, therefore, the Court liberally construes

his pleadings.   *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The

Supreme Court has instructed the federal courts to liberally construe the 'inartful

pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam)).

Courts have the authority to dismiss actions for failure to prosecute or for

failure to comply with court orders.   *See Link v. Wabash R.R. Co.*, 370 U.S. 626,

629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent

undue delays in the disposition of pending cases and to avoid congestion in the

calendars of the District Courts.").   The Court has discretion to dismiss a plaintiff's

action for failure to comply with an order requiring him to file an amended pleading

within a specified time period.   *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir.

2002).   Before dismissing an action for failure to prosecute, the Court must weigh:

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."   *Id.* at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court reluctantly concludes that dismissal is warranted under the circumstances.   The Court's October 23, 2015 was clear:

> Because amendment may be possible, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **November 16, 2015**.   This Order limits Sameshima to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order. . . .

> Sameshima is granted leave to file an amended complaint by no later than **November 16, 2015**.   The Court cautions Sameshima that the failure to file an amended complaint, along with the required filing fee or a fully executed application to proceed without prepayment of fees by **November 16, 2015**, will result in the automatic dismissal of this action.

Dkt. No. 8.

The Court was again clear in its November 17, 2015 directive, granting Sameshima an extension of time to file his amended complaint:

> Because Plaintiff is proceeding pro se, and in light of his submission of the filing fee and partial compliance with the

4

October 23, 2015 Order, the Court grants a brief extension of
time in which to file an amended complaint.

To be clear, the Court has dismissed Plaintiff's original
complaint.   There is no complaint currently before the Court in
this matter.   Plaintiff is GRANTED until **December 2, 2015** to
file an amended complaint, consistent with the Court's October
23, 2015 Order.   The Court CAUTIONS Plaintiff that the
failure to file an amended complaint by **December 2, 2015** will
result in the automatic dismissal of this action without further
notice.

Dkt. No. 10.

Finally, the Court repeated this warning to Sameshima on November 30,

2015:

The Court again CAUTIONS Sameshima that the failure to file
an amended complaint by **December 2, 2015** in conformance
with the Court's prior guidance will result in the automatic
dismissal of this action without further notice.

Dkt. No. 12.

The Court unambiguously advised Sameshima *three* times that he must file an

amended complaint or risk dismissal of this action.   The Court twice explained to

Sameshima that there was no complaint pending in this matter.   *See* Dkt. Nos. 10 &

12.   And the Court advised Sameshima what an amended complaint needed to

contain.   *See* Dkt. Nos. 8 & 11.   Sameshima's failure to comply with the Court's

orders hinders the Court's ability to move this case forward and indicates that he

5

does not intend to litigate this action diligently.   *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").   This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.   *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991).   Sameshima offers no excuse or explanation for his failure to file an amended complaint.   When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal.   *See Yourish*, 191 F.3d at 991-92.   This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal.   However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.   *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Sameshima failed to discharge the responsibility to prosecute this action despite the Court's express warnings about the possibility of dismissal in its myriad orders. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Sameshima's failure to file an amended complaint, as directed by the Court on three occasions.

6

The Court attempted to avoid outright dismissal of this action by granting Sameshima until November 16, 2015 to file an amended complaint, and then *sua sponte* granting him an extension until December 2, 2015.   *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").   Alternatives to dismissal are not adequate here, given Sameshima's failure to comply with multiple Court orders.   Under the present circumstances, the Court believes that less drastic alternatives are not appropriate.   The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal.   On balance, however, because four factors favor dismissal, this factor is outweighed.

## CONCLUSION

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.   The Clerk of Court is

directed to refund to Sameshima the full amount of the filing fee paid on

November 2, 2015.

IT IS SO ORDERED.

DATED:   December 4, 2015 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

*WILLIAM G. SAMESHIMA vs. UNITED STATES OF AMERICA, TREASURE DEPARTMENT, et al.*, CV 15-00422 DKW-BMK; **ORDER DISMISSING CASE AND ORDERING RETURN OF FILING FEE**